**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA  57501-2463

IRVIN N. HOYT                                                                                       TELEPHONE (605) 945-4490
BANKRUPTCY JUDGE                                                                                     FAX (605) 945-4491

March 26, 2007

Trustee-Plaintiff John S. Lovald
Post Office Box 66
Sioux Falls, South Dakota  57501

Gustav K. Johnson, Esq.
Counsel for Defendant GEMB Lending, Inc.
Post Office Box 522
Rapid City, South Dakota  57709

    Subject:   *Trustee John S. Lovald v. GEMB Lending Inc. (In re Terry L. Lockhart-Johnson)*, Adv. No. 06-3001; Chapter 7, Bankr. No. 05-30151

Dear Trustee and Counsel:

    The matter before the Court on cross-motions for summary judgment is Trustee John S. Lovald's complaint seeking a determination that Defendant's lien on a boat and trailer was not properly perfected.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052.  As discussed below, the motions will be denied.  A trial will be scheduled unless the parties are able to agree on the date Debtor Terry L. Lockhart-Johnson took up residency in South Dakota and then submit an agreed order.

    *Summary of record and stipulated facts*.  On January 21, 2005, Terry L. Lockhart-Johnson, while a resident of Minnesota, purchased a 2003 Ranger Boat, a 2003 Yamaha 225 HP outboard motor, and a 2003 Ranger trailer.  His purchase was financed by GEMB Lending Inc. ("GEMB Lending").  The security interest was subsequently held by E*Trade Consumer Finance Corporation ("E*Trade") but apparently reacquired by GEMB Lending at a later time.

    The state of Minnesota issued a title on the boat only on March 8, 2005, and noted the lien held by E*Trade.  On March 31, 2005, E*Trade filed a UCC-1 Financing Statement with the Minnesota Secretary of State, referencing the boat, motor, and trailer.

    Terry Lockhart-Johnson moved to South Dakota in June or July 2005.  Since July 2, 2005, the boat, motor, and trailer have been

Re: Lockhart-Johnson
March 26, 2007
Page 2

located in South Dakota.  The boat and trailer have never been titled in South Dakota.  Neither E*Trade nor GEMB Financing ever filed a UCC-1 financing statement in South Dakota as to the boat, motor, and trailer.

Terry Lockhart-Johnson filed a Chapter 7 petition in bankruptcy on October 12, 2005, listing Ft. Pierre, South Dakota, as his home address. Among his personal property, Lockhart-Johnson included a 2003 Ranger boat valued at $32,000.  He did not declare any portion of that value exempt.

Chapter 7 trustee John S. Lovald commenced an adversary proceeding against E*Trade.  GEMB Lending was later substituted as the defendant.  Trustee Lovald sought a determination that GEMB Lending's security interest in the boat, motor, and trailer was no longer perfected.  The parties filed stipulated facts, cross-motions for summary judgment, and briefs.  Trustee Lovald conceded GEMB Lending's security interest in the boat and trailer were still perfected because the boat and trailer were still titled in Minnesota.

Regarding GEMB Lending's security interest in the outboard motor, Trustee Lovald argued in his brief that the motor had never been considered a part of the boat itself and the certificate of title made no mention of it.  Citing a case from Texas, he argued, "Where personal property is attached to a titled vehicle[,] the perfecting of a security interest in such property remains subject to the Uniform [C]ommercial Code and is not subject to the certificate of title acts."  He further argued GEMB Lending had four months after Lockhart-Johnson moved to South Dakota to perfect its lien in the motor under S.D.C.L. § 57A-9-316, but failed to do so.

In its brief, GEMB Lending argued the motor was a part of the boat itself under the definition of a "large boat" pursuant to S.D.C.L. § 31A-3-51, and thus no separate perfection was required. GEMB Lending further argued its lien perfection in Minnesota was still valid, because the motor was not located in South Dakota earlier than July 2, 2005, and Lockhart-Johnson filed bankruptcy on October 12, 2005.

In his reply brief, Trustee Lovald also acknowledged S.D.C.L. § 57A-89-316 gave GEMB Lending four months from Lockhart-Johnson's change of residency to file a UCC-1 in South Dakota.  Trustee

Re: Lockhart-Johnson
March 26, 2007
Page 3

Lovald argued, however, GEMB Lending's reliance on South Dakota law for its argument that the motor was part of the boat was misplaced, since the boat was never titled in South Dakota. He further argued that if Lockhart-Johnson's petition date fell within that four-month period, the automatic stay should not be used by GEMB Lending as an excuse for not perfecting. Trustee Lovald also argued testimony might be needed to determine when Lockhart-Johnson first moved to South Dakota, since it is his residency, not the location of the motor in South Dakota, that governs the application of § 57A-9-316.

*Discussion*. Since GEMB Lending's security interest in the motor was first perfected in Minnesota, we first consider Minnesota law regarding the effect of a change in the governing law on perfection. Minnesota law provides:

> (a) General rule: effect on perfection of change in governing law. A security interest perfected pursuant to the law of the jurisdiction designated in section 336.9-301(1) or 336.9-305(c) remains perfected until the earliest of:
>
> > (1) the time perfection would have ceased under the law of that jurisdiction;
> >
> > (2) the expiration of four months after a change of the debtor's location to another jurisdiction; or
> >
> > (3) the expiration of one year after a transfer of collateral to a person that thereby becomes a debtor and is located in another jurisdiction.
>
> (b) Security interest perfected or unperfected under law of new jurisdiction. If a security interest described in subsection (a) becomes perfected under the law of the other jurisdiction before the earliest time or event described in that subsection, it remains perfected thereafter. If the security interest does not become perfected under the law of the other jurisdiction before the earliest time or event, it becomes unperfected and is deemed never to have been perfected as against a purchaser of the collateral for value.

M.S.A. § 336.9-316 (in pertinent part). South Dakota has essentially the same statute. S.D.C.L. § 57A-9-316. Neither party argued other Minnesota law terminated GEMB Lending's perfection, so as to make subsection (a)(1) applicable, and subsection (a)(3) is not applicable under the facts presented. Further, the parties have not argued South Dakota law provided an alternative method of perfection, so as to render subsection (b) applicable. Thus, the Court considers only the application of M.S.A. § 336.9-316(a)(2).

Trustee Lovald is correct that the date of Debtor Lockhart-Johnson's move to South Dakota, not the date the motor crossed the border, controls the continued perfection of GEMB Lending's lien under the applicable statutes. Unfortunately, the parties did not determine the exact date Lockhart-Johnson moved from Minnesota to South Dakota and stipulated thereto. The parties only stipulated his move was made sometime in June or July 2005.

If Lockhart-Johnson moved to South Dakota *before* June 12, 2005, GEMB Lending's perfection lapsed under M.S.A. § 336.9-316(b) before Lockhart-Johnson filed bankruptcy, because more than four months had passed since Lockhart-Johnson's move from Minnesota. Accordingly, GEMB Financing's unperfected lien would be subordinate to Trustee Lovald's strong-arm powers under 11 U.S.C. § 544(a).

On the other hand, if Lockhart-Johnson became a resident of South Dakota *after* June 12, 2005, GEMB Lending's lien was still perfected on the date Lockhart-Johnson filed his bankruptcy petition, by virtue of the four-month protection provided by M.S.A. § 336.9-316(a)(2).[1] Though GEMB Financing's financing statement lapsed sometime thereafter pursuant to M.S.A. § 336.9-316(b), the bankruptcy petition date is the determinative date for applying the trustee's strong-arm power as a lien creditor. *Williams v. Marlar (In re Marlar)*, 252 B.R. 743, (B.A.P. 8th Cir. 2000)(quoting *Realty Portfolio, Inc. v. Hamilton (In re Hamilton)*, 125 F.3d 292, 298 (5th Cir. 1997), and citing *Lennington v. Graham (In re Graham)*, 110 B.R. 408, 411 (S.D. Ind. 1990)); *Armstrong v. Dakota Western Bank of Bowman (In re Arithson)*, 175 B.R. 313, 319 (Bankr. D.N.D. 1994). Accordingly, if Lockhart-Johnson moved to South Dakota after June 12, 2005, GEMB Financing's security interest in the motor is not subordinate to the trustee's strong-arm powers.

Trustee Lovald and counsel for GEMB Financing shall confer and

---

[1] South Dakota law is the same. S.D.C.L. § 57A-9-515.

Re: Lockhart-Johnson
March 26, 2007
Page 5



advise the Court within 30 days whether they can stipulate to the date Lockhart-Johnson took up residence in South Dakota.  If they can do so, they shall submit an agreed order consistent with this letter decision.  If they cannot do so, they shall so advise the Court by letter, and a trial will be scheduled to receive evidence only on the issue of when Lockhart-Johnson's residency in South Dakota began.

                                            Sincerely,

                                            Irvin N. Hoyt
                                            Bankruptcy Judge

INH:sh

CC:   case file (correspondence)